**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **TEREX SOUTH DAKOTA, INC.**        Plaintiff, | 3:17cv528 (WWE) |

**v.**

**CLASSIC GEARS & MACHINING, INC.,**
**PRECISE WELDING, LLC, and**
**A&P FABRICATING SOLUTIONS LLC,**
      Defendants,

      **v.**
**Precise Welding LLC, and**
**A&P FABRICATING SOLUTIONS, LLC,**
      Third Party Defendants.

## RULING ON MOTION TO AMEND COMPLAINT

In this action, plaintiff Terex South Dakota, Inc., alleges that defendant Classic Gears is liable under Connecticut law for improperly designed and manufactured sprockets. Plaintiff alleges (1) breach of contract; (2) breach of express warranty; (3) breach of the implied warranty of fitness; (4) breach of the implied warranty of merchantability; (5) and express indemnity. Plaintiff has filed a motion to amend the complaint to add claims of negligence and negligent non-disclosure under Wisconsin law. For the following reasons, the motion to amend will be granted.

### BACKGROUND

Plaintiff is a manufacturer of mobile utility equipment. It is a Delaware Corporation, with a parent corporation, Terex Corporation, located in Connecticut.

Defendant Classic Gears is a Wisconsin corporation.

1

This matter arises out of plaintiff's contracts to purchase from Classic Gears leveling sprockets manufactured by Classic Gears. The relevant contracts provided that the contracts would be construed in accordance with Connecticut law, and that disputes would be governed by Connecticut law.

Plaintiff alleges that the sprockets were improperly designed or manufactured by Classic Gears.

On June 30, 2017, the Court granted defendant leave to file a Third-Party complaint against A&P Fabricating Solutions, LLC and Precise Welding, LLC.

On March 21, 2018, the Court granted plaintiff leave to file an amended complaint to include negligence claims against defendants A&P Fabricating Solutions and Precise Welding.

Plaintiff represents that, in August 2018, defendants' corporate designees testified to facts indicating that plaintiff's design drawings had been modified by Classic Gears.

The parties engaged in unsuccessful private mediation on December 20, 2018. In February, plaintiff filed an unopposed motion to extend the scheduling deadlines, extending discovery to November 22, 2019.

Plaintiff filed this motion to amend on April 25, 2019. The parties completed briefing the instant motion on June 5, 2019.

**DISCUSSION**

Plaintiff seeks to amend the complaint, although the scheduling order's deadline for amending the complaint has passed.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should be

2

granted "freely … where justice so requires."  Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1963).  Additionally, Rule 16(b) provides that scheduling orders should not be modified without "good cause"  Thus, once the amendment deadline has passed, leave to amend may be denied where the moving party has failed to establish good cause. Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009).

Plaintiff maintains that it seeks to amend the complaint based on evidence that it discovered after the amendment deadline expired on July 31, 2017.  Specifically, plaintiff asserts that it did not learn of the existence of the altered drawings until February 2018 and did not learn that Classic Gears made the unauthorized alteration until the depositions taken in August 2018.  Plaintiff represents that it did not unduly delay filing its motion to amend in light of the fact that the parties completed mediation efforts in late December 2018.

Although plaintiff could have filed its motion to amend at a time earlier following mediation efforts, the Court does not find that plaintiff filed its motion to amend with undue delay.  Further, plaintiff appears to have factual basis for seeking to amend its complaint.  Accordingly, the Court finds that plaintiff's motion to amend is not animated by a dilatory or bad faith motive.

Although the claims of negligence may require some additional discovery, defendant Classic Gears will not be unduly prejudiced since no trial date has been set and the claims are related to the existing claims already asserted in the prior complaint.

See Commercial Lubricants, LLC v. Safety-Kleen Systems, Inc., 2019 WL 2492752, at *4 (E.D.N.Y. June 14, 2019).  If necessary, the Court will afford a reasonable amount of additional time for discovery should the parties require an extension of time.  Accordingly, the Court finds that amendment should be allowed for good cause.

Defendant's arguments that the negligence claims should be governed by Connecticut law and are barred by the relevant statute of limitations are more appropriate for consideration on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the motion to amend (Doc. 92) is GRANTED.  Within ten days of this ruling's filing date, plaintiff is instructed to e-file an amended complaint consistent with this ruling.

                                              ___/s/Warren W. Eginton____
                                              Warren W. Eginton
                                              Senior U.S District Judge

Dated this 19th day of June 2019 at Bridgeport, Connecticut.